UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FALL RIVER FIVE CENTS SAVINGS BANK | )<br>)<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| F/V NORTHERN LINN (O.N. 693587), her masts, boilers, engines, tackle, apparel, etc.; *in rem*, | )<br>)<br>)<br>) |
| and S & L FISHING, LLC, Stephen Cassidy, Jr., and Lynn H. Gurchik, *in personam*, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## VERIFIED COMPLAINT

NOW COMES the plaintiff, FALL RIVER FIVE CENTS SAVINGS BANK, by its attorneys, complaining proceeds *in rem* defendant vessel NORTHERN LINN (O.N. 693587), and *in personam* jurisdiction against defendants S & L FISHING, LLC, Stephen Cassidy, Jr., and Lynn H. Gurchik, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff FALL RIVER FIVE CENTS SAVINGS BANK (hereinafter the "Bank" or "Plaintiff") is a Massachusetts savings bank organized under the laws of the Commonwealth of Massachusetts, having an address of 79 North Main Street, Fall River, Massachusetts 02720.

2. Defendant vessel, NORTHERN LINN, is a 1985 79-foot, 91 ton, steel vessel, used as a commercial fishing vessel, which is registered and documented under the laws of the United States of American, bearing Official Number 693587 (hereinafter the "Northern Linn" or the "Vessel"). Upon information and belief, Northern Linn, including her engines, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, is now, or during the pendency of this action will be, located within the District of Massachusetts and within the jurisdiction of this Honorable Court.

3. Defendant S & L FISHING, LLC (hereinafter "S & L" or "Borrower") is, upon information and belief, a Massachusetts limited liability company having a last known address of 120 Rounds Street, New Bedford, Massachusetts 02740.

4. Defendant Stephen Cassidy, Jr. (hereinafter "Cassidy") is, upon information and belief, an individual residing at 120 Rounds Street, New Bedford, Massachusetts 02740.

5. Defendant Lynn H. Gurchik (hereinafter "Gurchik") is, upon information and belief, an individual residing at 32 Crapo Street, New Bedford, Massachusetts 02740.

6. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and § 31325 of the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq*. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b). This is a case of admiralty and maritime jurisdiction to enforce a preferred mortgage lien within the meaning of rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of defendant vessel.

## FACTS

7. On or about February 1, 2006, the Borrower and Bank entered into certain loan documents, under which the Bank established a term loan facility in favor of the Borrower in the original principal amount of Five Hundred Five Thousand Dollars ($505,000.00) (hereinafter the "Loan".) The loan was evidenced by a Promissory Note dated February 1, 2006 (hereinafter the "Note"). A true and accurate copy of the Note is attached hereto and incorporated herein by reference as Exhibit A.

8. The Loan is secured by, *inter alia*, a First Preferred Ship Mortgage (hereinafter the "Mortgage") on the Vessel dated February 1, 2006, recorded with the National Vessel Documentation Center on February 1, 2006 at 4:58 p.m in Batch 453715, and assigned Document Identification Number 4865120. A true and accurate copy of said Mortgage is attached hereto and incorporated herein by reference as Exhibit B.

9. The Loan is also secured by a Vessel Security Agreement dated February 1, 2006 (hereinafter the "Security Agreement"), pursuant to which, among other things, the Borrower granted the Bank a security interest in and to all of the equipment and appurtenances to the Vessel, as well as a security interest in all licenses and permits associated with the Vessel, including but not limited to Federal Fisheries Permit No. 330583. A true and accurate copy of the Security Agreement and corresponding UCC Financing Statements are attached hereto and incorporated herein by reference as Exhibit C.

10. Defendants Cassidy and Gurchik unconditionally guaranteed all of the obligations of the Borrower to the Bank under the Loan. True and accurate copies of the guarantees

dated February 1, 2006 (hereinafter collectively the "Guaranty") are attached hereto and incorporated herein by reference as Exhibit D.

11. The Loan, Note, Mortgage, Security Agreement and Guaranty shall hereinafter be collectively referred to as the "Loan Documents."

12. The Borrower is the current owner of the Vessel, her engines, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, as shown in a Certificate of Ownership dated March 27, 2007. A true and accurate copy of said Certificate of Ownership is attached hereto and incorporated herein by reference as Exhibit E.

13. The Loan Documents provide that, in the event of default, the Bank shall be entitled to accelerate all principal due under the Loan and all interest accrued thereon.

14. The Loan Documents also provide that, in the event of default, the Bank shall be entitled to all costs and expenses that the Bank incurs in connection with their enforcement, including reasonable attorneys' fees.

15. Defendant Borrower has defaulted under the Loan Documents in various manners, including but not limited to, its failure to make payments thereunder.

16. The balance of indebtedness owed to the Bank under the Loan as of March 30, 2007 is as follows:

| | |
|---|---|
| Principal | $476,585.85 |
| Accrued and Unpaid Interest | $ 12,716.17 |
| Late Charges | $ 1,539.45 |
| Bank Expenses | $ 9,701.94 |
| **Total** | **$500,543.41** |

17. In addition, Borrower, Cassidy and Gurchik remain liable for the payment of all interest accruing after March 30, 2007 with respect to the Loan, and for the payment of

4

all late fees, costs, expenses, and costs of collection (including reasonable attorneys' fees) heretofore or hereinafter incurred by the Bank in connection with the Loan.

18. The Defendants Borrower, Cassidy and Gurchik have waived presentment under the terms of the Loan Documents.

19. The Defendants Borrower, Cassidy and Gurchik have acknowledged and agreed that they have no offsets, defenses, claims, or counterclaims against the Bank with respect to the Loan, or otherwise, and that if they now have, or ever did have, any offsets, defenses, claims or counterclaims against the Bank, then all of them are expressly waived, and they have released the Bank from any liability therefore.

COUNT I – ENFORCEMENT OF FIRST PREFERRED SHIP MORTGAGE
(Against the Vessel *in rem*)

20. The Plaintiff repeats and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 to 19 hereinabove.

21. By virtue of the Mortgage and the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq.*, Plaintiff holds a valid and enforceable first preferred mortgage lien on the Vessel in the amount of the outstanding indebtedness secured by the Mortgage and is entitled to enforce its preferred mortgage lien against the Vessel *in rem*.

COUNT II – ENFORCEMENT OF FIRST PREFERRED SHIP MORTGAGE
(Against Defendant Borrower *in personam*)

22. The Plaintiff repeats and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 to 21 hereinabove.

23. By virtue of the Mortgage and the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq.*, defendant Borrower is

liable to the Bank for the amount of the outstanding indebtedness secured by the mortgaged Vessel, or any deficiency in the full payment of said indebtedness.

### COUNT III – ENFORCEMENT OF FIRST PREFERRED SHIP MORTGAGE
(Against Defendants Cassidy and Gurchik *in personam*)

24. The Plaintiff repeats and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 to 23 hereinabove.

25. By the Guaranty, Cassidy and Gurchik guaranteed the prompt payment and performance of all obligations of the Borrower to the Bank, including the payment of any amounts accelerated under the default provisions of the Loan Documents, including but not limited to the Mortgage.

26. By virtue of the Guaranty, the Mortgage and the Ship Mortgage Act of 1920, as amended and recodified in Title 46, United States Code, sections 31301 *et seq.*, defendants Cassidy and Gurchik are liable to the Bank for the amount of the outstanding indebtedness secured by the mortgaged Vessel, or any deficiency in the full payment of said indebtedness.

### COUNT IV – BREACH OF CONTRACT
(Against Defendant Borrower *in personam*)

27. The Plaintiff repeats and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 to 26 hereinabove.

28. The Bank has performed all of its obligations under the Loan Documents.

29. The Borrower has breached the Loan Documents by, among other things, failing to pay the Bank certain amounts due thereunder.

30. As a result of the Borrower's breach, the Bank has suffered damages.

## COUNT V – BREACH OF GUARANTY
(Against Defendants Cassidy and Gurchik *in personam*)

31. The Plaintiff repeats and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 to 30 hereinabove.

32. By the Guaranty, Cassidy and Gurchik guaranteed the prompt payment and performance of all obligations of the Borrower to the Bank, including the payment of any amounts accelerated under the default provisions of the Loan Documents.

33. The Borrower has breached its obligation to the Bank under the Loan Documents.

34. Cassidy and Gurchik have neglected, failed or refused to satisfy their obligations under the Guaranty.

35. The Bank has suffered damages as a result of Cassidy's and Gurchik's breach of the Guaranty.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court adjudge as follows:

1. That *in rem* process issue in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against the whole of the Vessel, and to all of its components, together with all engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. That all persons having or claiming to have an interest in the Vessel be cited to appear and answer under oath, to each and all of the matters aforesaid;

3. That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *in personam* defendants citing them to appear and answer under oath to each and all of the matters aforesaid;

4. That as to Count I, Plaintiff's claim be adjudged valid and enforceable preferred mortgage liens against the whole of the Vessel, and to all of its components, together with all engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto, and an *in rem* judgment enter in its favor and against the Vessel

for the full amount of its liquidated and unliquidated damages, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and other damages;

5. That as to Count I, the whole of the Vessel, and to all of its components, together with all engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other appurtenances thereto be condemned and sold to satisfy Plaintiff's judgment;

6. That as to Count II, judgment enter in the Plaintiff's favor and against *in personam* Defendant S & L Fishing, LLC, in the amount of Plaintiff's liquidated and unliquidated damages, including any outstanding deficiency which may accrue pursuant to the condemnation and sale of the Vessel, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and other damages;

7. That as to Count III, judgment enter in the Plaintiff's favor and against *in personam* Defendants Cassidy and Gurchik in the amount of Plaintiff's liquidated and unliquidated damages, including any outstanding deficiency which may accrue pursuant to the condemnation and sale of the Vessel, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and other damages;

8. That as to Count IV, judgment enter in the Plaintiff's favor and against *in personam* Defendant S & L Fishing, LLC, in an amount to be determined, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees;

9. That as to Count V, judgment enter in the Plaintiff's favor and against *in personam* Defendants Cassidy and Gurchik in an amount to be determined, together with prejudgment interest, costs and expenses, including reasonable attorneys' fees, and;

10. For such other and further relief as this Honorable Court may deem just and proper under the circumstances.

FALL RIVER FIVE CENTS
SAVINGS BANK

By its Attorneys,

_____
Murray J. Lukoff (BBO # 307400)
Seth M. Bonneau (BBO # 661597)
Halloran, Lukoff & Smith, P.C.
432 County Street
New Bedford, MA 02740
(508) 999-1332
(508) 990-7235 (facsimile)
mlukoff@hlspc.com
sbonneau@hlspc.com

Dated: March 30, 2007

### Verification

I, Gary P. Fealy, hereby state under the penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am a Vice President of the Plaintiff Fall River Five Cents Savings Bank.

2. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

3. The sources of my information are the business records and documents of Plaintiff, as well as my own involvement in the negotiation and execution of the Loan Documents, and my subsequent efforts to collect the debt.

I certify under the penalty of perjury that the foregoing is true and accurate on this 29th day of March, 2007.

_____
Gary P. Fealy